IN THE CIRCUIT COURT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

| | | |
|---|---|---|
| JAMES HUDSON | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | CASE NO. 2014-CA-001771 |
| | * | |
| AVERITT EXPRESS INC. | * | |
| | * | |
| DEFENDANT | * | |

**<u>Notice of Filing Notice of Removal</u>**

To:    Pam Childers
       Escambia County Clerk of the Circuit Court and Comptroller
       P.O. Box 333
       Pensacola, FL  32591-0333

Please take notice that the above-named defendant, Averitt Express Inc., has this

date filed its Notice of Removal, a copy of which is attached hereto as "***<u>Exhibit 1</u>***," in the

United States District Court for the Northern District of Florida, Pensacola Division.

Done this 13th day of October, 2014.

                        /s/ Jannea S. Rogers
                        Jannea S. Rogers (ROGEJ7403)
                        Adams and Reese LLP
                        Post Office Box 1348
                        Mobile, Alabama 36633
                        251.433.3234
                        251.438.7733 – facsimile
                        jannea.rogers@arlaw.com
                        *Attorney for Averitt Express Inc.*

EXHIBIT A

## **Certificate of Service**

I do hereby certify that I have on this the 13th day of October, 2014 electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non AlaFile participants:

Jeremiah J. Talbott
900 East Moreno St.
Pensacola, FL  32503
civilfilings@TalbottLawFirm.com


*/s/ Jannea S. Rogers*
OF COUNSEL

EXHIBIT A

SP350844
Page 1 of 1

# NCR

**NATIONAL**
**CORPORATE**
**RESEARCH,** LTD.

The Right Response at the Right Time, Every Time.

Dover, DE • Los Angeles • Sacramento • Springfield, IL • Albany • New York

**615 South DuPont Highway, Dover, Delaware 19901**
**(302) 734-1450 Toll Free (866) 621-3524**
**Fax (800) 253-5177 Email: sop@nationalcorp.com**

# Notice of
# Service of Process

**DATE:** September 23, 2014

**TO:** Dale Allen
Adams and Reese LLP
424 Church Street
Suite 2700
Nashville, TN 37219

**RE:** SERVICE OF PROCESS:
**AVERITT EXPRESS, INC.**

**SENT VIA:**

☑ Email
☑ Federal Express
☐ Fascimile Transmission
☐ Other:
Tracking Number:
   771235390980

---

The enclosed Service of Process was received by the statutory agent in: **Florida**

on the date of: **September 22, 2014**

received via: **Personal Service**

TITLE OF ACTION: James Hudson vs. AVERITT EXPRESS, INC.

COURT AND CASE NO: in the Circuit Court in and for Escambia County, Florida

Case No. 2014 Ca 001771
Summons and Complaint, et al.

RESPONSE REQUIRED BY: See Documents

NOTE:

Sincerely,

Andrew A. Lundgren, Manager - Registered Agent Services

---

Please carefully review the document referenced above to confirm all information, including the Response Date, for accuracy. The information noted above is provided based on our review and is not a legal opinion.
**PLEASE CONSULT THE SERVICES OF A COMPETENT PROFESSIONAL ATTORNEY.**

EXHIBIT A

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

JAMES HUDSON

      PLAINTIFF,

Vs.

  CASE NO:  2014 CA 001771

  DIVISION:  F

AVERRITT EXPRESS INC

      DEFENDANT,

  SUMMONS

Received by

Christopher Kelly #007 2nd Judicial Circuit
Certified Process Server
Served Date: SEP 22 2014 Time: 1:00 __
Server Initials: _____

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint in the above styled cause upon the defendant AVERRITT EXPRESS INC  C/O NATIONAL CORPORATE RESEARCH, LTD, INC. AS RA 155 OFFICE PLAZA DRIVE TALLAHASSE, FL 32301

Each defendant is hereby required to serve written defenses to said complaint on

        plaintiff's attorney(s), whose address is

        JEREMIAH J TALBOTT
        900 E. MORENO STREET
        PENSACOLA, FL 32503

within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this 19th day of September, 2014

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _____

    Deputy Clerk

* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

EXHIBIT A

Filing # 18366001 Electronically Filed 09/17/2014 09:05:37 PM

FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

I.    CASE STYLE

IN THE CIRCUIT COURT OF THE  FIRST   JUDICIAL CIRCUIT,
IN AND FOR  ESCAMBIA   COUNTY, FLORIDA

Case No.: 2014 CA001771    F
Judge: _____

James Hudson
Plaintiff
        vs.
Averritt Express, Inc.
Defendant

II.    TYPE OF CASE

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☒ Auto negligence
☐ Negligence -- other
   ☐   Business governance
   ☐   Business torts
   ☐   Environmental/Toxic tort
   ☐   Third party indemnification
   ☐   Construction defect
   ☐   Mass tort
   ☐   Negligent security
   ☐   Nursing home negligence
   ☐   Premises liability -- commercial
   ☐   Premises liability -- residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐   Commercial foreclosure $0 - $50,000
   ☐   Commercial foreclosure $50,001 - $249,999
   ☐   Commercial foreclosure $250,000 or more
   ☐   Homestead residential foreclosure $0 – 50,000
   ☐   Homestead residential foreclosure $50,001 - $249,999
   ☐   Homestead residential foreclosure $250,000 or more
   ☐   Non-homestead residential foreclosure $0 - $50,000
   ☐   Non-homestead residential foreclosure $50,001 - $249,999
   ☐   Non-homestead residential foreclosure $250,00 or more
   ☐   Other real property actions $0 - $50,000

☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐   Malpractice – business
   ☐   Malpractice -- medical
   ☐   Malpractice – other professional
☐ Other
   ☐   Antitrust/Trade Regulation
   ☐   Business Transaction
   ☐   Circuit Civil - Not Applicable
   ☐   Constitutional challenge-statute or ordinance
   ☐   Constitutional challenge-proposed amendment
   ☐   Corporate Trusts
   ☐   Discrimination-employment or other
   ☐   Insurance claims
   ☐   Intellectual property  ·
   ☐   Libel/Slander
   ☐   Shareholder derivative action
   ☐   Securities litigation
   ☐   Trade secrets
   ☐   Trust litigation

EXHIBIT A

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    REMEDIES SOUGHT (check all that apply):
        ☒  Monetary;
        ☐  Non-monetary
        ☐  Non-monetary declaratory or injunctive relief;
        ☐  Punitive

IV.    NUMBER OF CAUSES OF ACTION: (    )
        (Specify)

        1

V.    IS THIS CASE A CLASS ACTION LAWSUIT?
        ☐  Yes
        ☒  No

VI.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
        ☒  No
        ☐  Yes – If "yes" list all related cases by name, case number and court;

VII.    IS JURY TRIAL DEMANDED IN COMPLAINT?
        ☒  Yes
        ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Jeremiah J Talbott
        Attorney or party

FL Bar No.:  154784
        (Bar number, if attorney)

Jeremiah J Talbott
        (Type or print name)

09/17/2014
        Date

**EXHIBIT A**

Filing # 18366001 Electronically Filed 09/17/2014 09:05:37 PM

IN THE CIRCUIT COURT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

James Hudson,

    Plaintiffs,

  v.

Averitt Express Inc.,

    Defendant.

_____/

Case No.: 2014 CA 001771
Division: F

### COMPLAINT FOR NEGLIGENCE

    Plaintiff, **James Hudson**, by and through the undersigned counsel, hereby sues Defendant, **Averitt Express, Inc.**, (hereafter "Defendant"), for damages and alleges:

### COUNT ONE

1.  This is an action for damages that exceeds the minimal jurisdictional limits of this Court.

2.  The Plaintiff, James Hudson, is a resident of Santa Rosa, County, Florida.

3.  On or about October 14, 2013, Averitt Express Inc., owned or operated a motor vehicle on State Road 8, Escambia County, Florida. The vehicle was driven by the Defendant's employee, Chad Black.

4.  At that time, the Defendant's employee negligently operated the vehicle such that it collided with the Plaintiff.

5.  As a result of this accident, Plaintiff, James Hudson, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation

**EXHIBIT A**

of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff's automobile was damaged and he lost the use of it during the period required for its repair or replacement.

WHEREFORE, Plaintiff demands judgment for damages against Averitt Express Inc. together with any further relief that this court deems just and proper and demands a trial by jury.

DATED: September 18, 2014

/S/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, P.A.
900 East Moreno St.
Pensacola, FL 32503
(850) 437-9600 telephone
(850) 437-0906 facsimile
E-mail: civilfilings@TalbottLawFirm.com
*Attorney for Plaintiffs*

**EXHIBIT A**

IN THE CIRCUIT COURT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

James Hudson,

          Plaintiffs,

      v.

Averitt Express Inc. ,

          Defendant.

Case No.: *2014 CA 001771*
Division: *F*

_____/

## PLAINTIFF'S FIRST
## INTERROGATORIES TO DEFENDANT

    Plaintiff, James Hudson, by and through her undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.340, hereby propounds the following interrogatories to Defendant, Averitt Express Inc., to be answered in writing and under oath within 45 days after service of same in accordance with the aforesaid rule and the instructions and definitions set forth herein:

### INSTRUCTIONS

    A.    Pursuant to Florida Rule of Civil Procedure 1.280 and 1.340, you are requested to answer fully, and in good faith, in writing each of the following interrogatories under oath within thirty days of service.

    B.    In answering these interrogatories, please furnish all information in the possession of, or with due diligence within the knowledge of, the party to whom the interrogatory is addressed, his attorneys, officers, agents, employees, and investigators.

    C.    If the person or entity to whom the interrogatory is addressed cannot answer an interrogatory fully after exercising due diligence to secure the information to do so, please state the answer to the best extent possible and specify your inability to answer the remainder, and state in full whatever information or knowledge the party has concerning the unanswered portion.

    D.    Each interrogatory is considered continuing, and if the party answering it later obtains information which renders the answers, or any portion of them, incomplete or inaccurate, you are requested to serve promptly amended answers on the undersigned.

EXHIBIT A

E.      If you answer an interrogatory with reference to records or documents, please identify the records from which the answer is derived in sufficient detail to permit their location, and state the full name and address of the custodian of those records. If you will do so without service of a formal request for production, produce a true copy of each such record or document referred to.

F.      If there is not sufficient space provided to fully answer any interrogatory, continue your answer on a separate sheet of paper.

G.      Should the party to whom these interrogatories are addressed object to any interrogatory or portion of any interrogatory, the party is requested to state every ground relied upon in making objection, together with supporting legal authority showing that there is a good faith basis for the objection.

## DEFINITIONS

A.      The term "document" refers to every writing, drawing, graph, chart, photograph, electronically recorded and stored material, digitally recorded and stored material, and other data compilations from which information may be obtained, translated, if necessary, by the party to whom the request is directed into reasonably usable form, including but not limited to notes, contracts, letters, memoranda, messages, logs, diaries, forms, card files, journals, ledgers, computer printouts, tapes, discs, computer-stored data, facsimile (fax) reproductions, reports, statistical compilations, computations, pictures, minutes, manuals, pamphlets, and books of every nature.

B.      The term "writing" as used in these interrogatories applies to all words, phrases, numbers, lines, and symbols, whether hand written, printed, typed, mimeographed, photocopied, fax reproduced, photographed, microfilmed, microfiched, electronically recorded, digitally recorded, recorded by analog device, computerized, or otherwise stored, produced or reproduced.

C.      The term "communication" as used in these interrogatories refers to oral or written utterances and communications in words, pictures, signs, symbols, or data, whether transmitted in person, by telephone, by electronic means, modem, or any other manner.

D.      The term "correspondence" means the original or copy of any document or writing such as a letter, note, card, E-mail message, fax message, computerized network message, or other written communication which was sent by one person or entity to another.

E.      The term "statement" as used in these interrogatories refers to any

EXHIBIT A

communication reduced to a writing or record.

F.     The term "identify" as used in these interrogatories means to state with particularity details sufficient that the thing, person, or action referred to may be objectively known, perceived, verified and distinguished from all others.

G.     The term "personnel policies" as used in these interrogatories refers to all policies pertaining to hiring, supervision, wage raises, employee discipline, discharge, grievances, and appeals of grievances, whether formal or informal and whether oral or written.

## INTERROGATORIES

1.     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

2.     Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

3.     Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

4.     Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

EXHIBIT A

5.      State the facts upon which you rely for each affirmative defense in your answer.

6.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts of evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

8.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

9.      State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

EXHIBIT A

10.   Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

11.   Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

12.   Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

13.   Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction, the specific crime and the date and the place of conviction.

14.   List the name and address of all persons, corporations or entities who were registered title owners or who had ownership interest in, or right to control, the motor vehicle that the Defendant driver was driving at the time of the incident described in the Complaint, and describe both the nature of the ownership interest or right to control the vehicle and the vehicle itself, including the make, model, year and vehicle identification number.

EXHIBIT A

15.    At the time of the incident described in the Complaint, did the driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle? If so, state the names and address of all persons who had permission.

16.    At the time of the incident described in the Complaint, was the Defendant driver engaged in any mission or activity for any other person or entity, including any employer? If so, state the name and address of that person or entity and the nature of the mission or activity.

17.    Was the motor vehicle that the Defendant driver was driving at the time of the incident described in the Complaint damaged in the incident and if so, what was the cost to repair the damage?

18.    Did the driver of the Defendant's motor vehicle that is the subject of this lawsuit wear glasses, contact lenses or hearing aids? If so, who prescribed them; where were they prescribed; when was last eye and/or ear examination; and what is the name and address of the examiner?

19.    Was the driver of the Defendant's vehicle suffering from physical infirmity, disbility, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

20.    Did the driver of the Defendant's vehicle consume any alcoholic beverages or take any drugs or medication within twelve hours before the time of the incident described in the complaint? If so, state the type and amount of alcoholic beverages, drugs or medication which were consumed and when and where they were consumed.

21.    List the names and business addresses for each pharmacy at which the driver of the Defendant's vehicle that is the subject of this lawsuit filled any prescriptions in the past ten years.

EXHIBIT A

Averitt Express Inc.

By: _____

STATE OF _____
COUNTY OF _____

    The foregoing instrument was acknowledged before me this _____ day of _____, 2014, by _____, who affirmed that he/she provided the answers to the foregoing Interrogatories and that said answers are true and correct to the best of his/her knowledge or belief. He/She is personally known to me or who has produced _____ as identification and did/did not take an oath.

Notary Public
Printed Name:_____
Commission Number:_____
My Commission Expires:_____

EXHIBIT A

IN THE CIRCUIT COURT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

James Hudson,

        Plaintiffs,

      v.

                              Case No.: 2014 CA 001771
Averitt Express Inc. ,                    Division:   F

        Defendant.

_____/

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

Plaintiff, by and through his/her undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.350, request Defendant to produce for her inspection and/or copying the following documents in accordance with the following instructions and definitions:

### INSTRUCTIONS

A.    You are directed to separately identify and label the materials requested to correspond with the categories in the request.

B.    Unless an original is specifically requested, in lieu thereof you may produce a true and correct copy in legible condition.

C.    If objection is made to part of an item or category requested, you are directed to specify the part or category to which objection is made, state all grounds upon which the objection is made, and identify the legal basis for each objection.

### DEFINITIONS

A.    The term "document" as used in this production request refers to every writing, drawing, graph, chart, photograph, electronically recorded and stored material, digitally recorded and stored material, and other data compilations from which information may be obtained, translated, if necessary, by the party to whom the request is directed into reasonably usable form, including but not limited to notes, contracts, letters, memoranda, messages, logs, diaries, forms,

EXHIBIT A

card files, journals, ledgers, computer printouts, tapes, discs, computer-stored data, facsimile (fax) reproductions, reports, statistical compilations, computations, pictures, minutes, manuals, pamphlets, and books of every nature.

     B.     Whenever photographs are requested or produced, you are directed to produce original prints made directly from negatives, and not photocopies of original prints.

     C.     The term "writing" as used in this production request applies to all words, phrases, numbers, lines, and symbols, whether hand written, printed, typed, mimeographed, photocopied, fax reproduced, photographed, microfilmed, microfiched, electronically recorded, digitally recorded, recorded by analog device, computerized, or otherwise stored, produced or reproduced.

     D.     The term "communication" as used in this production request refers to oral or written utterances and communications in words, pictures, signs, symbols, or data, whether transmitted in person, by telephone, by electronic means, modem, or any other manner.

     E.     The term "correspondence" means the original or copy of any document or writing such as a letter, note card, E-mail message, fax message, computerized network message, or other written communication which was sent by one person or entity to another.

     F.     The term "statement" as used in this production request refers to any communication reduced to a writing or record.

REQUESTS

     1.     All documents, writings, communications, and correspondence identified by Defendant in its answers to Plaintiff's interrogatories served concurrently herewith.

     2.     A copy of any and all insurance policies which may be responsible for satisfying or partially satisfying a judgment in this action.

     3.     Any and all photographs, surveillance videotape and film depicting Plaintiff at any time.

     4.     Any and all models, maps, drawings, diagrams and photographs relating to the facts of the accident which is the subject of this litigation.

     5.     Any and all documents, letters, statements, or reports made by you or on your behalf relating to the accident in question.

     6.     Any and all witness statements taken by or on behalf of Defendant regarding the subject accident.

EXHIBIT A

7.    Any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statements signed or otherwise adopted or approved by Plaintiff and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by plaintiff and contemporaneously recorded.

8.    Any and all reports, tickets, and other documents prepared or issued by a police department covering the accident.

9.    Any and all photographs and videotapes depicting any vehicle involved in the subject accident.

10.    A copy of the Defendant's drivers' license.

11.    Any and all repair estimates, invoices, statements, receipts, and other similar documents relating to any repairs made to any vehicle involved in the subject accident.

12.    With respect to every person whom you reasonably anticipate to call as an expert witness at the trial of this action, please produce a copy of every scholarly book, treatise, article, professional journal article, or other writing subject to peer review, and all other learned works of a scientific or technical nature written in whole or in part by the person designated.

DATED: September 18, 2014

Respectfully Submitted,

_/S/ Jeremiah J. Talbott_____
JEREMIAH J. TALBOTT, P.A.
900 East Moreno St.
Pensacola, FL 32503
(850) 437-9600 telephone
(850) 437-0906 facsimile
E-mail: civilfilings@TalbottLawFirm.com
_Attorney for Plaintiff_

\*   \*   \*   \*   \*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be furnished to the Defendant via initial service of process with the initial complaint

_/S/ Jeremiah J. Talbott_____
JEREMIAH J. TALBOTT, P.A.

EXHIBIT A

IN THE CIRCUIT COURT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

James Hudson,

        Plaintiffs,

      v.

Averitt Express Inc.,

Case No.: 2014 CA 001771
Division: F

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST
## FOR ADMISSIONS TO DEFENDANT

COMES NOW the Plaintiff, James Hudson, (hereinafter "Plaintiff"), by and through

counsel undersigned, and pursuant to Rule 1.370 of the Florida Rules of Civil Procedure hereby

requests the Defendant, Averitt Express Inc. (hereinafter "Defendant") to admit to the following

numbered requests, or respond thereto as required by said Rules, within forty-five (45) days from

the date of service hereof. Failure to respond shall be deemed an admission of each request and

the Defendant shall not be required to serve answers or objections before the expiration of forty-

five (45) days after receipt of this Request for Admissions.

1. Admit that Chad Black is an employee of Averitt Express Inc.

2. Admit that Chad Black was authorized to drive Defendant's vehicle that was involved in the motor vehicle accident alleged in this Complaint.

3. Admit that your employee, Chad Black, was negligent in the operation of your automobile on the date of accident alleged in the Complaint.

4. Admit that your employee, Chad Black's negligence was the proximate cause of the motor vehicle accident with Plaintiff.

5. Admit that your employee, Chad Black's negligence was the proximate cause of the Plaintiff's injures.

EXHIBIT A

6. Admit that your employee, Chad Black's negligence was the legal cause of the injury to Plaintiff as alleged in the Complaint.

7. Admit that the Defendant is liable for the damages caused by the motor vehicle accident alleged in the Complaint.

8. Admit that Plaintiff was not responsible in any way for causing the motor vehicle accident alleged in the Complaint.

9. Admit that Plaintiff was wearing a seatbelt at the time of the accident.

10. Admit that the impact between the Plaintiff's and Defendant's motor vehicle resulted in some injury to Plaintiff.

11. Admit that Plaintiff suffered a permanent injury as a result of the accident.

> _/S/ Jeremiah J. Talbott_
> JEREMIAH J. TALBOTT, P.A.
> 900 East Moreno St.
> Pensacola, FL 32503
> (850) 437-9600 telephone
> (850) 437-0906 facsimile
> E-mail: civilfilings@TalbottLawFirm.com
> _Attorney for Plaintiff_

**EXHIBIT A**

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

JAMES HUDSON
 Plaintiff,

            CASE NO.:  2014 CA 001771
VS.          DIVISION:  F

AVERRITT EXPRESS INC
 Defendant(s),

## ORDER REFERRING CASE TO MEDIATION

It appearing to the Court that jury trial has been demanded in the above-captioned matter and that this cause is appropriate for alternative dispute resolution; it is

 ORDERED AND ADJUDGED that:

 1. Mediation is hereby ordered to occur within 270 days.

 2. Counsel for the parties shall make every effort to stipulate to a certified circuit mediator failing which same shall be designated by the Court by subsequent order.

 3. Once selected and notified by counsel for the parties the mediator shall establish a mutually satisfactory date, time and location for the mediation conference.

 4. In the event it becomes impossible for an attorney or a party to attend the scheduled conference, counsel shall notify the mediator no later than seven (7) days prior to the scheduled conference. Plaintiff's attorney is hereby designated lead attorney for the purpose of coordinating any rescheduling.

 The following rules shall govern the mediation conference:

  (a) The appearance of counsel who will try the case and the party (or representative of the party with full authority to enter into a full and complete compromise and settlement) is mandatory.

  (b) The Court shall impose sanctions for the failure of counsel and/or their respective parties to attend the conference and participate in good faith. The participants shall be prepared to expend as much time as necessary to settle the case or until impasse is declared by the mediator.

  (c) Counsel for the parties shall present a brief written summary of the facts and issues to the mediator, at least ten (10) days prior to the conference. The summary shall not be filed with the Clerk of Court or served on opposing unless otherwise agreed. Counsel for corporate parties shall state the name and general job description of the employee or agent who will attend the conference.

  (d) Counsel are advised that mediation does not toll any time requirements otherwise imposed by Statute or the Rules of Civil Procedure.

  (5) The mediator shall be born by the parties unless otherwise determined .



EXHIBIT A

(6) The requirement for mediation in this cause is mandatory unless, upon good cause shown, the Court determines that same would be unproductive or create an undue hardship on the parties.

DONE AND ORDERED in open court/chambers in Pensacola, Florida this 19th day of September, 2014.

/S/ JAN SHACKELFORD

CIRCUIT JUDGE

Conformed copies to:
JEREMIAH J TALBOTT

**EXHIBIT A**